FILED
U.S. DISTRICT COURT
             DIV.
2011 MAY 16 PM 3:18
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LORENZO T. CRITTEN,

    Plaintiff,

v.

WHITNEY SHEPPARD; Lt. HOWARD;
Lt. BOYETTE; DON JARRIEL; DOUG
WILLIAMS; HILARY McCALL; RICKY
MYRICK; SHEVONDAH FIELDS;
and BRIAN OWENS,

    Defendants.

CIVIL ACTION NO.: CV611-038

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's complaint alleges violations of the First, Eighth, and Fourteenth Amendments. Plaintiff states that his Eighth Amendment rights were violated when he was placed in administrative segregation after the conclusion of a disciplinary hearing. Plaintiff states in one portion of his complaint that his due process rights were violated because he never received a disciplinary report for an infraction of having a cell phone in his cell. (Doc. No. 1, p. 3). However Plaintiff includes a disciplinary report in his complaint and later states that he was given a disciplinary report. (Doc. No. 1-2, p. 15). Plaintiff makes no factual allegations concerning his First Amendment claim.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to allege any facts showing that Defendants deprived him of any Constitutional "right, privilege, or immunity."

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED** for failing to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 16th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE