IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LORENZO T. CRITTEN,

    Plaintiff,

v.

WHITNEY SHEPPARD; Lt. HOWARD;
Lt. BOYETTE; DON JARRIEL; DOUG
WILLIAMS; HILARY McCALL; RICKY
MYRICK; SHEVONDAH FIELDS;
and BRIAN OWENS,

    Defendants.

CIVIL ACTION NO.: CV611-038

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff states his Eighth and Fourteenth Amendment rights were violated when he was placed in administrative segregation prior to his disciplinary hearing.

As to Plaintiff's due process claim, he must first establish that his segregation deprived him of a liberty interest. There are two circumstances in which a prisoner can be deprived of a liberty interest beyond that already associated with their confinement. See Sandin v. Connor, 515 U.S. 472, 484 (1995). First, a liberty interest may arise if a prisoner's liberty is restrained in a way that exceeds the sentence imposed by the courts. Id. Second, a liberty interest may be created by giving prisoner certain benefits, he deprivation of which "imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life." Id. Here, Plaintiff does not suggest that administrative segregation for four days prior to his disciplinary hearing resulted in a sentence exceeding that imposed by the court of conviction, or in atypical and significant hardship.

As to any claims that Plaintiff's time in disciplinary segregation violated the Eighth Amendment ban on "cruel and unusual punishment," U.S. Const. Amend. VIII, the Eleventh Circuit has held "that administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987). Here, Plaintiff makes no additional claims, beyond the fact of his confinement itself, such as lack of adequate food, clothing or sanitation, sufficient to sustain a claim under the Eighth Amendment. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff's Objections are without merit and are **OVERRULED**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Plaintiff's complaint is **DISMISSED**. The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 13 day of June, 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)